# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| Disability Law Center,<br><br>Plaintiff,<br><br>v.<br><br>Spencer Cox, *et al.*,<br><br>Defendants. | **DECLARATION OF DR. KYLE BRADFORD JONES**<br><br>Case No. _____ |

1. I am a Family Physician who has dedicated my nearly thirteen-year career to providing primary care for individuals with intellectual and developmental disabilities (IDD). As such, I consider their health and well-being a top priority for me, both professionally and personally.

2. I have worked on numerous physical, mental, emotional, behavioral, and social issues with my patients and their caregivers or supporters. In so doing, I am very familiar, albeit peripherally, with the challenges that this population and their loved one's face.

3. I feel immense empathy for these individuals and those close to them, and subsequently the impact on society.

4. I am bound to advocate for their well-being, health, happiness, and safety.

5. Given this perspective, I have concerns with the recently passed law SB 199.

6. While guardianship is often necessary in certain instances, this new law infringes too severely upon the rights of those with IDD. No matter the extent of their disability, every individual still has the right to have input on their life and medical care.

7. The severity of disability should not be provided by just any licensed physician or psychologist.

8. The definition of "severe" is not well established, and sets up a major concern for misdiagnosing or mislabeling by those who do not the requisite experience.

9. Not all individuals with a "severe" disability have the same level of function, same level of understanding, or the same ability to communicate their desires as there is extreme variability in this population.

10. Each individual should be judged on their own merit and circumstances, as opposed to a "one size fits all" approach.

11. Designation of disability and need for guardianship should be left to physicians and psychologists who 1) have an ongoing relationship with the patient, and 2) have a significant level of experience working with this population.

12. Medical professionals without this experience will not have as full a grasp of what a "severe" disability may entail.

13. The *Diagnostic Statistical Manual 5th Edition* (DSM 5) delineates IDD severity by vague measures of function, and does not include IQ measures, something which the vast majority of medical providers are unaware. It also delineates between "Severe" and "Profound" disability, which is a relevant distinction not made in this law or by most medical professionals.

14. This is a very vulnerable population that is commonly taken advantage of, and this provision increases that vulnerability by allowing professionals who may not be familiar with the individual, or the concept of degrees of disability severity, to act as an arbiter of their freedoms.

15. This law also does not do enough to protect individuals with IDD from guardians who have secondary gain and motivations for seeking the guardianship. Financial, emotional, and behavioral fraud are all too common, and this population needs a further expansion of their rights, not increased limitations.

16. SB 199 does not allow for enough evaluation by the courts to confirm the proper diagnosis and function level of the individual.

17. More information is needed by the courts than what is legislated in order to make a proper assessment of the individual's needs.

18. This population, in general, has more abilities than they are given credit for, and far more limitations on their abilities and liberties than is necessary. I have seen numerous people with IDD gain various independent skills as adults, once the opportunity was provided, than were thought possible.

19. This law gives too much power to those seeking guardianship at the expense of the individual with the disability.

20. Judges need more than this law provides to make an informed choice on potential guardianship, including but not limited to further individualized inquiries about the individual in question.

21. Other options exist to support such individuals without the extremes of guardianship.

22. Supportive decision-making principles provide the input of other designated people in an individual's life, but does not fully dictate what is done for the individual without their involvement.

23. There are many possible ways for the legislature and courts to encourage these supports that will still give the individual needed assistance without fully taking away their rights.

24. I am not against the facilitation of guardianship when it is necessary. However, SB 199 allows for an incomplete assessment for the actual need of guardianship.

25. My thoughts and opinions declared here represent my own views and not necessarily those of my employer or other affiliations.

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 17 day of April, 2025 at Salt Lake City, Utah

Kyle Bradford Jones, MD, FAAFP
Associate Professor (Clinical)
Department of Family and Preventive Medicine
Spencer Fox Eccles School of Medicine
University of Utah